UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TASHA CHAPMAN,

      Plaintiff,

v.

FRANKLIN COUNTY COURT OF
COMMON PLEAS—GENERAL
DIVISION, *et al.*,

      Defendants.

Civil Action 2:24-cv-2258
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Tasha Chapman, an Ohio resident proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against the Franklin County Court of Common Pleas—General Division, Judge Jaiza N. Page, Germain Luxury Imports of Columbus, LLC, and attorney Lorianne Fuhrer, alleging that Defendants deprived her of her constitutional rights during a previous lawsuit before Judge Page in Franklin County. (Compl., ECF No. 1-1.) Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against the Franklin County Court of Common Pleas, Germain, and Ms. Fuhrer for failure to assert a claim over which this Court has subject-matter jurisdiction, and the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against Judge Page for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I. STANDARD OF REVIEW

**A.     Failure to State a Claim**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     * * *
>
>     (B) the action or appeal—
>
>         (i) is frivolous or malicious; [or]
>
>         (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

2

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Lack of Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of several of the claims she advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

II. ANALYSIS

Plaintiff and Defendant Germain Luxury Imports of Columbus, LLC, have an underlying dispute arising over the required payments for a vehicle Plaintiff purchased from Germain. It appears that Germain caused the vehicle to be repossessed, which Plaintiff maintains violated her Fourteenth Amendment due process rights. Plaintiff brought suit against Germain in the Franklin County Court of Common Pleas. The case was assigned to Defendant Judge Jaiza N. Page, and Defendant Lorianne Fuhrer is an attorney who acted as Germain's counsel in the state-court litigation. Plaintiff's state-court claims were eventually dismissed on summary judgment, and Plaintiff's motions for sanctions against Germain and Ms. Fuhrer were denied. Plaintiff's

4

Complaint in this Court alleges that the Defendants conspired to deprive Plaintiff of her constitutional rights during the state-court action. (Compl., ECF No. 1-1.)

As an initial matter, Plaintiff's claims against Judge Page must be dismissed because, no matter how liberally the Court construes Plaintiff's Complaint, Judge Page is entitled to judicial immunity. Judicial officers are entitled to absolute immunity from civil liability when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.") (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872)). Plaintiff's Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial immunity apply to exempt the judicial officer she names. Instead, it appears that Plaintiff merely disagrees with the rulings reached by Judge Page in the underlying lawsuit. These rulings fall squarely within the Judge Page's judicial capacity and therefore fall squarely within the immunity afforded to judicial officers. Accordingly, Plaintiff fails to state a claim on which relief may be granted against Judge Page.

Plaintiff's claims against the Franklin County Court of Common Pleas must also be dismissed because "a court is not sui juris." *Malone v. Ct. of Common Pleas of Cuyahoga Cty.*, 45 Ohio St. 2d 245, 248 (1976) (cleaned up). That is, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 34 Ohio St. 2d 120, 121 (1973). Rather, Ohio county courts are arms of the state

5

and therefore are immune from suit under the Eleventh Amendment for purposes of § 1983 liability. *Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997). Sovereign immunity is jurisdictional in nature and deprives the district courts of subject-matter jurisdiction where applicable. *See, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).; *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claims against the Franklin County Court of Common Pleas.

As to Germain and Ms. Fuhrer, Plaintiff's only allegations against them stem from the positions they took in the state-court action, which Plaintiff contends lacked merit and were sanctionable. Yet Judge Page considered and rejected those arguments in the state-court action. To the extent Plaintiff seeks relief from Judge Page's decisions, those claims are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up). Here, Plaintiff asks this Court to find that Judge Page's orders were

6

invalid because they deprived Plaintiff of her property rights in the vehicle at issue in the state-court litigation. Accordingly, Judge Page's orders are "the source of the injury." Because Plaintiff's claims against Germain and Ms. Fuhrer are essentially an appeal of the state-court's orders, this Court lacks jurisdiction over these claims pursuant to the *Rooker-Feldman* doctrine.

Moreover, "as a private attorney, [Ms. Fuhrer] is not a state actor subject to liability under § 1983." *Baker v. Smith*, 72 F. App'x 339, 341 (6th Cir. 2003). And "[a]lthough private citizens acting in concert with state officials may be subject to § 1983 liability," Plaintiff offers "no factual support or evidence upon which a conspiracy could be based." *Id.* Indeed, to the extent Plaintiff advances a claim for civil conspiracy, any such claim must be dismissed. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *see also Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks*, 771 F.2d at 943-44. In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004); *see also Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) ("[P]leading requirements governing civil conspiracies are relatively strict." (citation omitted)). Here, Plaintiff makes only conclusory allegations that the defendants conspired to deprive her of his rights and does not plead any specific facts to support those allegations. She has therefore failed to state a claim for conspiracy. *Farhat*, 370 F.3d 580, 599.

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court

7

**DISMISS** Plaintiff's claims against the Franklin County Court of Common Pleas, Germain, and Ms. Fuhrer for failure to assert a claim over which this Court has subject-matter jurisdiction, and it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Judge Page for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE